IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANN MARIE ROSE BAKER, M.D., | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:08-CV-1908 |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER - HOUSTON AND | § | |
| THE UNIVERSITY OF TEXAS SYSTEM | § | |
| MEDICAL FOUNDATION, | § | |
| DEFENDANTS | § | JURY TRIAL DEMANDED |

## DEFENDANTS' MOTION FOR DISMISSAL

TO THE HONORABLE JUDGE:

COMES NOW Defendant, University of Texas Health Science Center- Houston (UTHSC-H) and University of Texas System Medical Foundation ("Foundation") by and through their attorneys, and file this Motion for Dismissal, respectfully showing the Court the following:

**I.**
### GROUNDS UPON WHICH MOTION SHOULD BE GRANTED

The above-referenced Defendants move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, for dismissal of Plaintiff's Original Complaint. UTHSC-H seeks dismissal on the ground that Plaintiff's claims against it, violation of Americans with Disability Act, Title I (ADA) are barred by the Eleventh Amendment of the U. S. Constitution. Accordingly, the ADA claim against UTHSC-H should also be dismissed with prejudice. The claim against the Foundation and UTHSC-H should also be dismissed because it was untimely filed. As to the Foundation, plaintiff also failed to exhaust administrative remedies, thus depriving this court of subject matter jurisdiction.

## II.
## STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim under Rule 12(b), the Court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir.1994); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992); *American Waste & Pollution Control Co. v. Browning- Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir.1991). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Rather, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Wright & Miller, Federal Practice and Procedure: Civil 2d S 1216 at 156-159 (citations omitted). "The Court is not required to conjure up unpled allegations in order to save a complaint, *cf. Campbell*, 43 F.3d at 975 (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988), and conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice...." *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993).

## III.
## LAW AND ARGUMENT

A.    *Plaintiff's claim against UTHSC-H is barred by the Eleventh Amendment and should be dismissed.*

In her Original Complaint, Plaintiff alleges that UTHSC-H discriminated against her in her employment based on her purported disability of Gullian-Barre Syndrome.

UTHSC-H is a coeducational institution of higher education, as well as a state agency.  *See* Tex. Educ. Code 65.02.  The court in *Walsh* specifically held that "[t]he University and the Board of Regents are institutions of the State, and neither has any existence independent of the State."  *Walsh v. University of Texas*, 169 SW2d 993 (Tex. Civ. App. – El Paso 1942, writ ref'd n.r.e; *see also Perez v. Region 20 Educ. Service Ctr.* 307 F.3d 318 (5th Cir. 2002); *Lowe v. Texas Tech University*, 540 S.W.2d 297, 298 (Tex. 1973); *Texas Technological College v. Fry*, 278 S.W.2d 480 (Tex. Civ. App. – Amarillo 1954, no writ); *Bagg v. UTMB*, 726 S.W.2d. 582 (Tex. App. – Houston [14th Dist] 1987, writ ref'd n.r.e.);.  As such, UTHSC-H is entitled to the same sovereign immunity enjoyed by the State of Texas.  *Cronen v. Texas Department of Human Services*, 977 F.2d 934, 936 (5th Cir. 1992).  Neither the State of Texas nor UTHSC-H has waived the immunity protection of the Eleventh Amendment.

Plaintiff's claims under the ADA, 42 U.S.C. 12101 et seq. concern employment decisions made against her by this university, that is, her terms and conditions of employment.  These are claims squarely within Title I of this Act.  See *Armstrong v. Turner Indus. Inc.*, 141 F.3d 554, 560 n. 16 (5th Cir. 1998).  These claims are barred by the Defendant's Eleventh Amendment immunity. *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 48 L.Ed. 2d 866 (2000).  Accordingly, the claim by Plaintiff concerning the alleged violations of the ADA are, as a matter of law, barred by the State's constitutional immunity.

It has long been established that the Eleventh Amendment "deprives federal courts of any jurisdiction to entertain" any claims entitled to immunity thereunder. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 n. 8, 104 S.Ct. 900, 907 n. 8, 79 L.Ed.2d 67. A non-consenting state is immune from suits brought in federal courts by citizens of that state, as well as by citizens of another state. *Edelman v. Jordan,* 415 U.S. 651 (1974). Absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court. *Sherwinski v. Peterson,* 98 F.3d 849, 851 (5th Cir. 1996).

While the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ch. 101, is a limited waiver of sovereign immunity to certain negligence claims, it does not waive the state's immunity to federal court jurisdiction. *Sherwinski,* 98 F.3d at 851. The Texas Tort Claims Act specifically provides that "[a] suit under this chapter <u>shall be brought in state court</u> in the county in which the cause of action arose or a part of the cause of action arises." Tex. Civ. Prac. & Rem. Code Ann. '101.102(a) (emphasis added). A state, or its agencies, has not waived its Eleventh Amendment immunity in federal court merely because it waived sovereign immunity in its own courts. *Welch v. Dept. of Highways and Public Transportation,* 483 U.S. 468, 473-74 (1987). Any waiver of Eleventh Amendment immunity in federal court must be "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171 (1909). Applying this standard, the Fifth Circuit has held that the Texas Tort Claims Act does not waive Eleventh Amendment immunity to suit in federal courts." *Sherwinski,* 98 F.3d at 852.

*B.* *Baker's Title I Claim is Time-Barred as a Matter of Law.*

"A civil action under Title VII must be brought within ninety days of a right-to-sue letter from the EEOC."  (42 U.S.C. § 2000e-5(f)(1); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *see Maddox v. Runyon*, 139 F.3d 1017, 1021 (5th Cir. 1998); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1988); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988); *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1250 (5th Cir. 1985). "Employees asserting claims under Title I of the ADA are required to follow the procedures applicable to Title VII actions, which require the timely filing of an EEOC charge." *See Eber v. Harris County Hosp. Dist.*, 130 F.Supp.2d 847, 854 (S.D. Tex. 2001) (citing 42 U.S.C. § 12117(a); *Zimmerman,* 170 F.3d at 1172; *Wagner v. Texas A & M Univ.,* 939 F.Supp. 1297, 1307 (S.D.Tex.1996); *Stafford v. Radford Cmty. Hosp., Inc.,* 908 F.Supp. 1369, 1374 (W.D.Va.1995). The 90-day filing requirement is strictly construed.  *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *Ringgold v. National Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza*, 754 F.2d at 1251) and begins to run "on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant." *Ringgold*, 796 F.2d at 770; *Espinoza*, 754 F.2d at 1249; *Taylor*, 296 F.3d at 379; *Bullard v. Bullard*, 795 F.2d 384, 387-88 (5th Cir. 1986)).  Although the 90-day filing requirement is not jurisdictional, it is a statutory precondition to maintaining any Title VII action.  *See Taylor*, 296 F.3d at 379; *Dao*, 96 F.3d at 788; *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1969-70 (5th Cir. 1981); *Smith v. Flagship Int'l*, 609 F. Supp. 58, 61 (N.D. Tex. 1985)). Like all Title VII filing requirements, the 90-day filing requirement is treated as a statute of limitations for all purposes.  *See Espinoza*, 754 F.2d at 1248 n.1; *Nilsen*, 701 F.2d at 562.)  Thus, dismissal of a Title VII and Title I claims are proper where the plaintiff fails to file the claim on a timely basis.  *See Eber*, 130 F.Supp.2d at 854; *Smith*, 609 F. Supp. at 61;

*Davidson v. Service Corp. Int'l*, 943 F. Supp. 738 (S.D. Tex. 1996), *aff'd mem.*, 132 F.3d 1454 (5th Cir. 1997).

Here, the EEOC issued its dismissal and notice of rights to Baker on February 29, 2008. *Exhibit 1, EEOC Notice of Rights Letter.* Because the notice was properly addressed (*id.*), and even using the more beneficial five-day rule referred to below, Baker filed her complaint on June 16, 2008, eighteen (18) days after the date she presumptively received notice of the EEOC's action. *Lee v. Powell*, 2002 WL 31422959, at *2 (N.D. Tex. October 22, 2002) ("The Fifth Circuit Court of Appeals has not directly addressed the issue, but other federal courts have followed a presumption in Title VII cases that a letter mailed to the charging party's address of record is received by the addressee (and the 90-day limitations period begins to run) three to five days after the letter is mailed. *See, e.g., Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)(assuming without discussion that Federal Rule of Civil Procedure 6(e) created presumption that EEOC notice was received three days after mailing); *Lozano v. Ashcroft,* 258 F.3d 1160, 1165 (10th Cir.2001)(finding employer and employee subject to three-or five-day presumption for receipt of notice); *Loyd v. Sullivan,* 882 F.2d 218 (7th Cir.1989)(following five-day presumption); *Cook v. Providence Hosp.,* 820 F.2d 176, 179 n. 3 (6th Cir.1987)(applying five-day presumption); *Edwards v. Galveston-Texas City Pilots,* 203 F Supp.2d 759, 775 n. 9 (S.D.Tex.2002)(finding action untimely under either three- or five-day presumption")). Baker therefore had 90 days to file claims under Title I. Because the 90-day filing period had expired, the Title I claims are time-barred as a matter of law. 42 U.S.C. § 2000e-5(f)(1).

*C.*     *The Court does not have subject matter jurisdiction over the Foundation.*

The plaintiff in her EEOC charge complained only of UTHSC-H.  *Exhibit 2, Plaintiff's EEOC Charge*.  She did not make a charge of discrimination against the Foundation**.**  UTHSC-H and the Foundation are two separate entities.   Plaintiff admits this in paragraphs 6, 7, 9 and 11 of her complaint.  Indeed, plaintiff admits that the Foundation's role was only administrative.  By failing the file an EEOC charge against the Foundation**,** the plaintiff may not maintain an action against the Foundation on these grounds. The court is deprived of subject matter jurisdiction. *See Shikles v. Sprint/United Management Co*., 426 F.3d 1304 (10th Cir 2005).

## IV.
## CONCLUSION

Plaintiff has not stated claims for which relief can be granted as to the ADA, Title I against UTHSC-H. As to both defendants, the plaintiff's suit is untimely. With respect to the Foundation, plaintiff has failed to exhaust her administrative remedies and her suit on these causes of action cannot stand.  These claims against Defendants should therefore be dismissed with prejudice. Defendants further pray for all relief, on law or equity, to which they may be entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

**7**

/s/ Sam Lively
SAM LIVELY
Assistant Attorney General
Texas Bar No. 12435300
Assistant Attorney General
General Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711
Phone No. (512) 463-2120
Fax No. (512) 320-0667

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the above and forgoing document has been sent via certified mail, return receipt requested, on February 27, 2009, to the following individual:

Anthony P. Griffin
A Griffin Lawyers
1115 Moody
Galveston, TX 77550

/s/ Sam Lively
SAM LIVELY
Assistant Attorney General