IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ANN MARIE ROSE BAKER, M.D.,
        PLAINTIFF,

V.                                     NO. 4:08-CV-1908

UNIVERSITY OF TEXAS HEALTH SCIENCE
CENTER – HOUSTON AND THE UNIVERSITY OF
TEXAS SYSTEM MEDICAL FOUNDATION,
        DEFENDANTS.

### PLAINTIFF, ANN MARIE BAKER, M.D.'S, REQUEST FOR AN ADDITIONAL TWO DAYS TO RESPOND TO THE MOTION TO COMPEL

Plaintiff file this her motion to extend time to respond to discovery and Defendant's Motion to Compel for an additional three days (August 13, 2009). Plaintiff would show unto the Court as follows:

1. Counsel has been in trial and has had a difficulty contacting the client. The client is currently located in Dearborn, Michigan. The additional time is necessary to determine the intent of the client surrounding prosecution of this matter.

### Current Docket Control Order

2. The current docket control order expires on September 1, 2009. Plaintiff would submit that the docket control order will be necessary to modify. Plaintiff early

on in the litigation sought to take deposition of respective parties/witnesses but to this date has not been able to obtain this discovery from Defendant (see attachment 1 herein).

3. In addition, counsel would show that counsel has not ignored the second discovery request associated with this case (see attachment 2), but the schedule noted above and problems associated with client contact has created problems outside counsel's control. The additional days are designed to address the client contact issue and to determine the desire of the client.

<u>Schedule That Has Affected This Matter</u>

4. Most recently, Plaintiff's counsel just completed a two-week jury trial in a matter styled <u>Joline Reese v. University of Texas Medical Branch at Galveston</u>; in the 212th Judicial District Court; Galveston County, Texas; Cause Number 2007CV0669. Due to the trial's length, Plaintiff counsel's docket contains numerous matters being now due, pending and/or delayed.

5. The obligations that have been delayed include a response to a motion for summary judgment due for filing in a case styled <u>James J. Nunez v. City of Texas City, Texas</u>; Case No. G-08-080; in the United States District Court for

the Southern District of Texas (due on August 5, 2009 but extended out until August 10, 2009).

6. Plaintiff's counsel also has to respond to a motion to dismiss due in <u>Lonetta Sanders, Plaintiff v. City of Phoenix, Defendant</u>; In the United States District Court for Arizona – Phoenix Division; Case #2:06-CV-01644-GMS (due August 6, 2009 but will be filed on today's date with motion for leave; will be filed before 2:00 a.m., Central Standard Time; 12:00 a.m., Mountain Standard Time) and a motion to consolidate in <u>Leslie Scott, Plaintiff v. City of Phoenix, Defendant</u>; In the United States District Court of Arizona – Phoenix Division, Case Numbers CV-**09-0875 &** CV-7-0011-PHX-EMC (due for refiling with grant of motion for pro hac vice).

7. Plaintiff's counsel would also show that during the relevant period of discovery, counsel has been required to try and/or prepare for trial in a number of cases, to-wit: <u>Donald Zeigler v. Maris Marlene Michaels and Stan Miller</u>; in the 212th Judicial District Court; Galveston County, Texas; Cause Number 07-CV-0942 (jury trial March 7 – March 9, 2009); <u>Bennie Charles v. Texas Department of Public Safety</u>; In the 212th Judicial District Court; Galveston County, Texas; Cause No. 07cv1029 (trial on April

3

13th -20th, 2009); Maria Brennan, Plaintiff v. Uncle Bob's Self-Storage, Defendant; In the United States District Court for the Southern District of Texas – Galveston/Houston Division; No. 4:08-cv-311 (set for trial for week of May 4, 2009 – settled); (In the Matter of the Marriage of Melencio Villarreal and Joanna Mora-Villarreal and in the Interest of Blake Beau Villarreal, A Minor Child; In the 306th Judicial District Court; Galveston, Texas (trial June 22nd through 29th, 2009)).

    8. During the relevant period of time counsel also participated in two injunction proceedings: Delores Glenn and Ronnie Dorset d/b/a Southern Construction v. John Glenn; in the County Court at Law, No. 1, Galveston County, Texas; Cause Number 60807 (injunction hearing April 27, 2009); Meghann Nash, d/b/a Nash's Lagoon Bait Stand v. Galveston Park Board of Trustees; in the 212th Judicial District Court, Galveston County, Texas; Cause No. 00CV-0749 (temporary injunction hearing) (May 29, 2009).

    9. Furthermore, Counsel was required to respond to motions for summary judgments and/or motions to dismiss in a number cases (Richard Hodges, Plaintiff v. ISP – Texas City, Defendant; In the United States District Court Southern District of Texas – Houston Division; No. 4:08-cv-

962 (response filed April 29, 2009, response to second motion for summary judgment filed July 1, 2009); <u>Linda Hornbuckle, Plaintiff v. Tyler Independent School District, Defendant</u>; In the United States District Court for the Eastern District of Texas – Tyler Division, No. 06:09-cv-102 (May 12, 2009); (<u>Joline Reese v. University of Texas Medical Branch at Galveston</u>; In the 212th Judicial District Court; Galveston County, Texas; Cause No. 07CV669 (response filed July 6, 2009); <u>Christine Quintana v. Wal-Mart</u>; In County Court at Law No. 1; Galveston County, Texas; Cause No. 59,849 (extension obtained; response filed July 7, 2009); <u>Leticia Wilson, Plaintiff v. College of the Mainland, Defendant</u>; In the United States District Court for the Southern District of Texas – Galveston Division; Civil Action No. G-09-13 (extensions obtained; response to motion to dismiss filed June 12, 2009; amended response, motion for leave to amend complaint and amended complaint filed June 15, 2009); (two (2) responses to motions for summary judgment due on the same date and requiring consideration of massive amounts of material (<u>Terry W. Van Allen, Plaintiff v. United States Department of Housing and Urban Development, Defendant</u>, In the United States District Court for the Southern District of Texas – Galveston

5

Division; Case No. 07-CV-315; and <u>Terry W. Van Allen, Plaintiff v. Shaun Donovan, Secretary, United States Department of Housing and Urban Development, Defendant</u>; In the United States District Court for the Southern District of Texas – Galveston Division; Case No. 07-CV-321 (both filed on May 18, 2009); <u>Ray P. Lewis, Plaintiff v. University of Texas Medical Branch at Galveston, Defendant</u>; In the United States District Court for the Southern District of Texas – Houston Division; Case No. 3:09-cv-33 (two motions to extend time filed due to insufficient time and then Counsel's health; response to motion to dismiss filed May 26, 2009; amended response, motion for leave to amend and amended complaint filed May 27, 2009).[1]

10. The above schedule is the continuing influence of Hurricane Ike in that a good portion of the cases are cases that were to be tried in the months of September – December 2008 and were continued because counsel's office was closed and/or dysfunctional. The pre-Ike cases are competing on

---

[1] The above is a partial listing of trials and motions/responses filed but is designed to provide the Court an overview of the trial obligations complicated and/or compounded since the Storm. The cases represent cases that are pre-Ike and cases that came up in the normal filing. By way of example, during the first week of September 2009, counsel is set on pre-Ike cases that were continued because of the storm and is number 1 or two in four different courts.

6

the docket control orders of the post-Ike trial setting and/or discovery orders.

11. The non-answers associated with the discovery is not a by-product of ignoring the discovery process, but a mixture of displacement of the client and the above schedule.

## Consultation

12. In attempting to consult with opposing counsel, there was no response; it is assumed that opposing **counsel** opposes any additional time to this motion.

It is prayed that the additional time be granted in order to determine the intent of the Plaintiff.

DATE: August 10, 2009.

                              Respectfully submitted,

                              /s/ ANTHONY P. GRIFFIN
                              _____

                              ANTHONY P. GRIFFIN
                              ATTORNEY-IN-CHARGE

A GRIFFIN LAWYERS
1115 MOODY
GALVESTON, TEXAS   77550
409.763.0386
1.800.750.5034
FACSIMILE NO. 409.763.4102
EMAIL: agriffin@agriffinlawyers.com

TEXAS STATE BAR NO. 08455300
FEDERAL I.D. 4736

ATTORNEYS FOR PLAINTIFF
ANN MARIE ROSE BAKER, M.D.

CERTIFICATE OF SERVICE

This is to certify that on this the 10th day of August, 2009, the foregoing Plaintiff's Request for Additional Three (3) Days in which to Respond to Motion to Compel was forwarded to opposing counsel by electronic transmission, and/or, where noted, by certified mail, return receipt requested, to-wit:

SAM LIVELY
ASSISTANT ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL – GREG ABBOTT
GENERAL LITIGATION DIVISION
P. O. BOX 12548, CAPITOL STATION
AUSTIN, TEXAS 78711

/S/ ANTHONY P. GRIFFIN

_____
ANTHONY P. GRIFFIN

c:word.baker.ann.motion_request_additional_three_days_respond.2008.3068