UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANN MARIE ROSE BAKER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-08-1908 |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER HOUSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER FOR RECONSIDERATION

**I**.

Before the Court is plaintiff, Marie Rose Baker, M.D.'s motion for new trial and for reconsideration (Document No. 41) and the defendants, University of Texas Health Science Center – Houston and the University of Texas System Medical Foundation's Response (Document No. 43). The Court has reviewed the documents, considered the circumstances, and determined that the interest of justice dictates that the Court's Order granting the defendants' motion for judgment on the pleadings should be withdrawn.

**II.**

The procedural history associated with this dispute is not contested. It reveals that shortly after the Court entered its scheduling order in this case, the defendants filed their motion to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b), asserting that the plaintiff's claims of violations of Americans with Disability Act ["ADA"], Title I are barred by the Eleventh Amendment to the federal Constitution. (Document No. 12). In addition the Foundation alleged that the plaintiff had failed to exhaust administrative remedies, thereby

depriving the Court of subject matter jurisdiction. After considering the motions, response (Document No. 13), and pleadings, the Court denied the defendants' motion.

Even though the plaintiff had responded, an extension of time to respond further was filed the same day (Document No. 15). Nevertheless, on April 2 the Court denied the motion. The defendants did not respond to the plaintiff's motion for an extension and no further response was filed save an amended complaint and various discovery motions. Thereafter, the defendants filed a second amended answer. On April 30, the defendants filed a second motion seeking dismissal of the plaintiff's case (Document No. 37). On this occasion the defendants filed their motion for judgment on the pleadings pursuant to FRCP (12)(b)(1), 12(b)(6), and 12(c). When the Court did not receive a response to the defendants' motion for judgment, it granted the motion on the defendants' form order, assuming that it was unopposed. However, the plaintiff's motion for reconsideration followed.

### III.

The defendants argue that the plaintiff has filed a disability discrimination suit against them. They also argue that the Eleventh Amendment bars the suit. The plaintiff asserts that its suit is not a Title I suit under the ADA, but a suit under § 504 of the Rehabilitation Act. *See* 29 U.S.C. § 794(a); *see also Miller v. Texas Tech University Sci. Ctr.*, 421 F.3d 342 (5th Cir. 2005). In *Miller*, the Fifth Circuit made it clear that suits for violation of the Rehabilitation Act, Title IX of the Education Amendments of 1972, and Age Discrimination Act of 1975 were suits in which the state of Texas had waived its Eleventh Amendment immunity. *Id.* at 349-50; *see also* 42 U.S.C. § 2000d-7. As well, Congress has expressed its intent that Eleventh Amendment immunity does not apply to Title II of the ADA. *See* 42 U.S. § 12(3). *See also, Pace v. Bogalusa City School Bd.,* 403 F.3d 272, 276 (5th Cir. 2005), (en banc). Hence, the defendants'

blanket statement that the Eleventh Amendment bars the plaintiff's suit does not resonate in statute or case law.

## IV.

In her amended complaint, the plaintiff asserts claims under Title II of the ADA and the Rehabilitation Act of 1973. As well, the plaintiff points out that she received a Right to Sue letter from the Equal Employment Opportunity Commission and brought her suit within 90 days of receipt.

The plaintiff alleges that on or about May 26, 2004, she was admitted to the Huntsville Memorial Hospital and diagnosed with viral meningitis. On June 26, she was readmitted with Guillain-Barre Syndrome and for Intravenous immune globulin therapy. [Each of these conditions indicate a bacterial infection or disorder in the body's immune system and manifest in varying degrees of weakness and abnormal sensations in the body]. These illnesses, and the treatment, affected the plaintiff's ability to perform her assignments and appointments as a resident in the defendants' Residency Training Program. The plaintiff's treating physicians required that the plaintiff reduce her daily activities and, as a result, supported the plaintiff's request for an accommodation in with her work schedule. It appears that the defendants accepted the plaintiff's restrictions. Nevertheless, the plaintiff's condition did not cure and the limitations persisted and are considered to be permanent.

The plaintiff asserts that as a result of her disability, the Program Director suggested that she was faking and/or malingering even though the plaintiff was wheelchair bound. The plaintiff further asserts that the Program Director's remarks manifested in Doctors Waldensenbet and Tillis' rejection of her prescribed accommodations. During the same period, the defendants complained to the plaintiff that she was medically incompetent, failed certain rotations, and

would need to remediate. Therefore, her residency would be extended. These reasons and statements, contends the plaintiff, were false and unlawful.

**V.**

In the face of these pleadings, the defendants continue to insist that the plaintiff ADA claim is barred by immunity. This insistence is disingenuous; moreover, and the defendants have failed to set forth facts or law supporting their contention and/or that refutes the Fifth Circuit's precedent.

The Court is of the opinion that the defendants' motion is/was frivolous and misleading and should have been denied. Instead, the Court improvidently granted the motion, thereby, denying the plaintiff an opportunity for a fair trial. Moreover, the need to exhaust the plaintiff's allegations before a fact-finder far outweighs the defendants' right to resolve these same facts in a summary fashion. Therefore, the Court **GRANTS** the plaintiff's motion for new trial pursuant to FRCP, Rule 59. Alternatively the Court **GRANTS** the plaintiff's motion for reconsideration pursuant to FRCP, Rule 60(b)(1) and (b)(6).

It is **ORDERED** that the case be and it is **HEREBY REINSTATED** to the Court's active docket.

SIGNED at Houston, Texas this 13th day of July, 2010.

_____
Kenneth M. Hoyt
United States District Judge